UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/16/21___
```

------------------------------------------------------------ X
                                 :

UNITED STATES OF AMERICA,         :            15-CR-165 (VEC)
                                   :
                                   :           <u>OPINION AND ORDER</u>
             -against-               :
                                   :

MIGUEL SUAREZ-MARTINEZ,        :
                                   :
                         Defendant.    :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on June 28, 2021, Mr. Suarez-Martinez moved for compassionate release pursuant to 18 U.S.C. § 3582(c), *see* Dkt. 110;

      WHEREAS on July 22, 2021, the Government opposed the motion on the merits, acknowledging that Mr. Suarez-Martinez had exhausted his administrative remedies, *see* Dkt. 112;

      WHEREAS on August 19, 2021, Mr. Suarez-Martinez filed a reply, *see* Dkt. 116;

      WHEREAS on October 20, 2021, Mr. Suarez-Martinez filed a supplemental letter, *see* Dkt. 117;

      WHEREAS on October 27, 2021, Mr. Suarez-Martinez filed a motion for judicial notice of more recent issues at his facility related to COVID-19, including the death of one inmate in his housing unit, *see* Dkt. 118; and

      WHEREAS a court may, according to the plain language of the statute, reduce Mr. Suarez-Martinez's sentence under the rubric of compassionate release if, "after considering the factors set forth in § 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i);

IT IS HEREBY ORDERED THAT Mr. Suarez-Martinez's motion for compassionate release is DENIED.  Mr. Suarez-Martinez has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.

Mr. Suarez-Martinez offers three broad reasons why the Court should grant compassionate release: (1) general prison hardships that have resulted from the COVID-19 pandemic; (2) his own underlying health risks; and (3) allegedly untreated painful conditions. Def. Mem. at 5–10.  The undeniably burdensome conditions of confinement COVID-19 has wrought, while no doubt difficult, are a generalized problem that do not reflect compelling circumstances for Mr. Suarez-Martinez in particular, even in light of the added information Mr. Suarez-Martinez provided the Court in October regarding the infection rate in his unit and the restrictive measures his facility has taken.  Gov. Opp. at 8; Supp. Letter; Not. of Mot. at 1. While the Court sympathizes with Mr. Suarez-Martinez's health issues and the pain he alleges he is experiencing, he has — commendably — been vaccinated against COVID-19.  Ex. C, Dkt. 110.  While Mr. Suarez-Martinez is correct that new variants of COVID-19 present new risks, the vaccines being delivered in the United States all continue to provide robust protection from serious injury or death caused by COVID-19.  Def. Reply at 2–3.  Moreover, Mr. Suarez-Martinez's particular medical history does not rise to a level of severity that indicates the kind of medical risk that would merit a sentence reduction.

More significant to the Court is the seriousness of the crime that he committed.  Mr. Suarez-Martinez addressed the § 3553(a) factors at length, arguing that his pending deportation affects the deterrence value of his sentence and that the public is protected from further crimes by him because of his designation as being at the "lowest possible risk of recidivism or violence"

(as assessed by the Bureau of Prisons). Def. Mem. at 10–12; *see* § 3553(a)(2).[1]  But the nature and circumstances of the underlying offense are a major factor that Mr. Suarez-Martinez cannot overcome.  § 3553(a)(1), (a)(2)(A); Gov. Opp. at 11–12.  Mr. Suarez-Martinez pled guilty to one count of transporting a firearm in interstate commerce with intent to commit a felony.  Judgment at 1, Dkt. 107.  That charge does not, however, connote the gravity of the offense; the felony that Mr. Suarez-Martinez intended to commit with the firearm was the murder of a federal witness in support of a drug organization.  Plea Hearing Tr. at 20–21, Dkt. 103.  The sentence that the Court imposed in 2020 was appropriate for this crime.  The Court is hopeful that there will be no more violence in Mr. Suarez-Martinez's future and that the Bureau of Prison's recidivism assessment is accurate.  But the nature and circumstances of his offense, and the need for the associated sentence to reflect its seriousness, counsel against any sentence reduction.

The Court encourages Mr. Suarez-Martinez to continue to exhibit the good behavior he already has during his incarceration thus far, *see* Gov. Opp. at 12, and to pursue a productive and law-abiding path upon his pending release next year.

The Clerk of Court is respectfully directed to close the open motion at Docket 110 and to mail a copy of this order to Mr. Suarez-Martinez.

**SO ORDERED.**

**Date:  November 16, 2021**
**New York, NY**

**VALERIE CAPRONI**
**United States District Judge**

---

[1]     He also notes the burden his incarceration has placed on his four children.  Def. Mem. at 10–11.  The Court is glad that Mr. Suarez-Martinez's family awaits him in the Dominican Republic upon his release and that he will seek full-time employment once there.  *Id.* at 13.